# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION (NO. II)**                                    MDL No. 2925

## TRANSFER ORDER

**Before the Panel**:[*] Defendants BNSF Railway Company, Union Pacific Railroad Company, CSX Transportation, Inc., and Norfolk Southern Railway Company move under 28 U.S.C. § 1407 to centralize the actions on this motion in a new MDL in the District of District of Columbia before the Honorable Paul L. Friedman or, alternatively, the Southern District of Texas. Defendants alternatively request transfer of these actions to MDL No. 1869 – *In re Rail Freight Fuel Surcharge Antitrust Litigation*, which is pending before Judge Friedman. Defendants' motion includes 31 actions pending in sixteen districts, as listed on Schedule A. The Panel also has been notified of eighteen potentially-related actions filed in five districts.

Plaintiffs in all constituent actions and nine District of District of Columbia potential tag-along actions oppose creation of a new MDL and support inclusion of all actions in MDL No. 1869. Plaintiffs in eight of these cases alternatively support creation of a new MDL in District of District of Columbia. Plaintiffs in 26 of the cases alternatively oppose centralization.

On the basis of the papers filed and the hearing held, we find that centralization under Section 1407 of all actions in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. No party disputes that, like the MDL No. 1869 actions, the actions now before the Panel share factual issues arising from allegations that defendants conspired to fix prices of rail fuel surcharges in violation of the Sherman Antitrust Act for rail freight transportation pursuant to private contracts and other means exempt from federal rate regulation. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

While they share questions of fact with the actions in MDL No. 1869, these newly-filed actions are in a significantly different procedural posture than the MDL No. 1869 actions. We, therefore, are not persuaded that they should be included in that litigation. MDL No. 1869 was centralized in 2007 and, since then, the transferee court has presided over common discovery and issued multiple substantive rulings on a variety of pretrial matters, including rulings on motions to dismiss and for class certification. After two appeals, the actions remaining in the MDL are

---

[*]        Judge Ellen Segal Huvelle and Judge David C. Norton took no part in the decision of this matter.

proceeding on an individual basis and, save for some limited discovery and motions practice, appear to be near completion of pretrial proceedings.  In contrast, the actions before the Panel are in the earliest stages and have been pending at most four months.

As we have noted, the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress towards trial or other resolution.  *See* MDL No. 1769, *In re Seroquel Prods. Liab. Litig.*, Order Vacating Conditional Transfer Order, at 1, ECF No. 344 (J.P.M.L. Feb. 5, 2010).  The point at which the advantages of continuing to transfer tag-along actions outweigh the disadvantages is never absolutely clear, and necessarily will vary depending on the circumstances of the particular MDL.  *See id*.  After a certain point, however, the benefits of transfer should not be assumed to continue.  *See id*.  Moreover, even when those benefits may still exist with respect to the particular tag-along action in question, the Panel must always consider the impact that transfer of that action could have on the cases already in the MDL.  *See In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1229 (J.P.M.L. 1977) ("The Panel's statutory mandate is to weigh the interests of all the plaintiffs and all the defendants, and to consider multidistrict litigation as a whole in light of the purposes of the law.").  Based on our review of the progress of this litigation, and after consultation with the MDL No. 1869 transferee judge, we conclude that inclusion of these actions in that MDL would not promote the just and efficient conduct of the litigation, because they threaten to significantly hinder the resolution of the already-centralized actions.  *See* 28 U.S.C. § 1407(a).

Plaintiffs opposing centralization, in the event that we do not include these actions in MDL No. 1869, argue that they will have access to the full discovery record developed in MDL No. 1869, and that any remaining discovery in the new cases will be very limited and case-specific.  But while the remaining discovery may be case-specific, much of it may rely on common experts.  Moreover, most, if not all, actions will involve common pretrial motions, including motions for summary judgment.  Centralization, therefore, will provide efficiencies and limit inconsistent rulings.

We find that the District of District of Columbia is the appropriate transferee district for this litigation.  Centralization in this district will allow Judge Friedman and the MDL No. 2925 transferee judge to coordinate with ease pretrial proceedings where they might overlap.  We assign the litigation to the Honorable Beryl A. Howell, a skilled jurist who has not yet had the opportunity to preside over an MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia, and, with the consent of that court, assigned to the Honorable Beryl A. Howell for coordinated or consolidated pretrial proceedings.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

R. David Proctor                Catherine D. Perry
Nathaniel M. Gorton            Matthew F. Kennelly

**IN RE: RAIL FREIGHT FUEL SURCHARGE**
**ANTITRUST LITIGATION (NO. II)**                    MDL No. 2925

## SCHEDULE A

Northern District of Alabama

VULCAN MATERIALS COMPANY, ET AL. v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 2:19-01606

Central District of California

HYUNDAI MOTOR AMERICA, INC. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 8:19-01880
KIA MOTORS AMERICA, INC. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 8:19-01881

District of District of Columbia

NORTHERN INDIANA PUBLIC SERVICE COMPANY LLC v. UNION PACIFIC
    RAILROAD COMPANY, ET AL., C.A. No. 1:19-02927
UNION ELECTRIC COMPANY D/B/A AMEREN MISSOURI, ET AL. v. BNSF
    RAILWAY COMPANY, ET AL., C.A. No. 1:19-02940
ALABAMA POWER COMPANY, ET AL. v. UNION PACIFIC RAILROAD
    COMPANY, ET AL., C.A. No. 1:19-02963
KELLOGG COMPANY v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 1:19-02969
AK STEEL CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 1:19-02970

Northern District of Georgia

MERCEDES-BENZ USA, LLC v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 1:19-04409

District of Idaho

THE AMALGAMATED SUGAR COMPANY, LLC v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 1:19-00376

-A2-

Northern District of Illinois

CONAGRA BRANDS, INC. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 1:19-06504
PCS SALES (USA), INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 1:19-06505
LAFARGE NORTH AMERICA, INC., ET AL. v. BNSF RAILWAY COMPANY,
        ET AL., C.A. No. 1:19-06506
OLD WORLD INDUSTRIES, LLC v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 1:19-06507

Western District of Louisiana

AXIALL CORP., ET AL. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 2:19-01272

District of New Jersey

CAMPBELL SOUP COMPANY, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 1:19-18567

Western District of New York

AMERICAN ROCK SALT COMPANY LLC v. BNSF RAILWAY COMPANY LLC,
        ET AL., C.A. No. 6:19-06727

Western District of North Carolina

DUKE ENERGY CAROLINAS, LLC, ET AL. v. BNSF RAILWAY COMPANY,
        ET AL., C.A. No. 3:19-00494

Eastern District of Pennsylvania

CERTAINTEED CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 2:19-04523

Western District of Pennsylvania

NOVA CHEMICALS, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 2:19-01259
ALCOA CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 2:19-01261
KEYSTONE FUELS, LLC, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
        C.A. No. 2:19-01415

-A3-

Eastern District of Tennessee

GRAIN CRAFT, INC. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 1:19-00278
EASTMAN CHEMICAL COMPANY, ET AL. v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 2:19-00168

Western District of Tennessee

NORTHDOWN INDUSTRIES, INC., ET AL. v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 1:19-01225

Southern District of Texas

MOTIVA ENTERPRISES LLC v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19-03753
IPSCO TUBULARS, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19-03760
COFFEYVILLE RESOURCES NITROGEN FERTILIZERS, LLC, ET AL. v. BNSF
    RAILWAY COMPANY, ET AL., C.A. No. 4:19-03762
PHILLIPS 66 COMPANY v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 4:19-03763
TALEN ENERGY SUPPLY, LLC, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19-03764

Eastern District of Virginia

DOMINION ENERGY, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 3:19-00717